IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

DEREK GERARD JACKSON                                                                               PLAINTIFF

       v.                              Civil No. 06-2186

CITY OF FORT SMITH, ARKANSAS;
FORT SMITH POLICE DEPARTMENT;
and the SEBASTIAN COUNTY DETENTION
CENTER                                                                                             DEFENDANTS

## REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

Plaintiff filed this civil rights action pursuant to 42 U.S.C. § 1983 on October 30, 2006. He proceeds pro se and *in forma pauperis.*

On November 28, 2006, an order (Doc. 5) was entered directing the plaintiff to complete, sign, and return a questionnaire that would be filed as an addendum to his complaint. Plaintiff was given until December 27, 2006, to return the addendum.

On December 1, 2006, mail sent to the plaintiff at the Sebastian County Detention Center was returned to the court as undeliverable. On December 18, 2006, the court entered a change of address (Doc. 6) utilizing an address plaintiff provided detention center officials when he was booked in. All mail that had been returned was ordered re-sent to the new address (Doc. 6). A notation on the docket sheet reflects the court's order (Doc. 5) and attached questionnaire were re-mailed to the plaintiff on December 19th. No mail was returned to the court as undeliverable from this address.

However, on December 27, 2006, plaintiff informed the court that his address had changed and a change of address was entered on his behalf (Doc. 7). A notation on the docket sheet reflects that the court's order and attached addendum (Doc. 5) were again mailed to the

**AO72A**
**(Rev. 8/82)**

plaintiff.

On January 25, 2007, a show cause order was entered (Doc. 8). Plaintiff was given until the close of business on February 19, 2007, to show cause why this action should not be dismissed based on his failure to prosecute the action and his failure to obey an order of the court. Plaintiff was advised that if he failed to respond to this show cause order the undersigned would recommend that the case be dismissed based on the plaintiff's failure to prosecute and his failure to obey the orders of this court.

To date, plaintiff has not responded to the show cause order. Plaintiff has not sought an extension of time to respond to the show cause order. Plaintiff has not communicated with the court in anyway. The court's order was mailed to the same address as other documents filed with the court.

I therefore recommend that this case be dismissed based on the plaintiff's failure to prosecute this action and his failure to obey the orders of the court.

**The parties have ten days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 21st day of February 2007.

/s/ *J. Marschewski*
HON. JAMES R. MARSCHEWSKI
UNITED STATES MAGISTRATE JUDGE